```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
SANTINO TOMAINO,

                    Plaintiff,
                                              MEMORANDUM & ORDER
          -against-                           12-CV-1954(JS)(ARL)

MICHAEL RATTINTER, SHIELD #5560,
individually and as a Police Officer
of the County of Suffolk; and
THE COUNTY OF SUFFOLK,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Santino Tomaino, pro se
                    80 Newton Boulevard
                    Lake Ronkonkoma, NY 11779

For Defendants:     Richard T. Dunne, Esq.
                    Brian C. Mitchell, Esq.
                    Suffolk County Attorney's Office
                    H. Lee Dennison Building, 5th Floor
                    100 Veterans Memorial Highway
                    P.O. Box 6100
                    Hauppauge, NY 11788
```

SEYBERT, District Judge:

Presently before the Court is pro se plaintiff Santino Tomaino's ("Plaintiff") motion to vacate this Court's December 4, 2012 Order dismissing this action due to Plaintiff's failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Also pending is Plaintiff's motion to transfer venue to the Brooklyn Courthouse of the United States District Court for the Eastern District of New York. For the following reasons, Plaintiff's

motion to vacate is DENIED and Plaintiff's motion to transfer venue is consequently DENIED AS MOOT.

BACKGROUND

Plaintiff commenced this action on April 20, 2012. On July 12, 2012, Magistrate Judge Arlene R. Lindsay issued an Initial Conference Order scheduling an initial conference for August 1, 2012. (Docket Entry 8.) The Court mailed Plaintiff a copy of the Initial Conference Order via certified mail, and it was successfully delivered to Plaintiff's address on July 16, 2012. (See Certified Mail Receipt, Docket Entry 9.) Nevertheless, Plaintiff failed to appear at the August 1st conference. Judge Lindsay subsequently issued an Order rescheduling the conference to September 5, 2012 and warning Plaintiff that a second failure to appear would result in a report and recommendation that this action be dismissed for failure to prosecute. (See Docket Entry 10.) Plaintiff again failed to appear on September 5th. Accordingly, Judge Lindsay issued a Report and Recommendation ("R&R") recommending dismissal of this action. (See Docket Entry 13.)

The Court mailed Plaintiff copies of Judge Lindsay's August 1st Order and R&R via certified mail. However, Plaintiff apparently failed to claim these documents from the post office as they were returned to the Court as "unclaimed." (See Docket Entries 12 & 14.)

On December 4, 2012, this Court adopted Judge Lindsay's Report and Recommendation and dismissed this action without prejudice for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). (See Order of Dismissal, Docket Entry 15.)

On April 19, 2013, Plaintiff filed the instant motion to vacate the Order of Dismissal. (Docket Entry 18.) On April 30, 2013, Defendants filed an opposition letter. (Docket Entry 19.) On May 16, 2013, Plaintiff filed a reply, which also included a request to transfer venue to the Brooklyn Courthouse of the United States District Court for the Eastern District of New York. (Docket Entry 20.) Plaintiff's motions are currently pending before the Court.

DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure permits a district court to relieve a party from a final judgment, order, or proceeding for any of the following six reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that

> has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). As an initial matter, the Court notes that Plaintiff has not specified which, among the six potential grounds for relief under Rule 60(b), he relies upon in moving to vacate the Order of Dismissal. However, based on Plaintiff's recitation of the facts, the Court can safely assume that Plaintiff seeks to vacate the Order of Dismissal because of "excusable neglect" under subsection 1 of Rule 60(b).

In deciding whether a party has demonstrated excusable neglect under Rule 60(b), courts look to the following four factors enunciated by the United States Supreme Court in Pioneer Investment Services Co. v. Brunswick Associates Ltd.: "(1) the danger of prejudice to the non-movant; (2) the length of the delay and its possible effect on the district court proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Pollard v. Does, 452 F. App'x 38, 39 (2d Cir. 2011) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 395, 113 S. Ct. 1489, 1498, 123 L. Ed. 2d 74 (1993)); see also Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248, 250 (2d Cir. 1997) (acknowledging that, while the Supreme Court's interpretation of "excusable neglect" in Pioneer was in the context of Bankruptcy Rule 9006(b)(1), that interpretation was applicable beyond that

4

context, including Rule 60(b)(1)). Although excusable neglect is an "elastic concept" and each of the four Pioneer factors is important, courts in this Circuit afford considerable weight to the third factor, i.e., "the reason for the delay, including whether it was within the reasonable control of the movant." See Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2d Cir. 2003) (quoting Pioneer, 507 U.S. at 395); see also id. at 366 n.7 ("[T]he four Pioneer factors do not carry equal weight; the excuse given for the late filing must have the greatest import." (quoting Graphic Commc'ns Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc., 270 F.3d 1, 5-6 (1st Cir. 2001)).

Applying these principles here, the Court concludes that Plaintiff has not demonstrated excusable neglect and therefore is not entitled to relief under Rule 60(b)(1). Although the fourth Pioneer factor--whether the movant acted in good faith--favors Plaintiff, as the Court finds no evidence that Plaintiff acted in bad faith or engaged in dilatory tactics, the remaining factors weigh in favor of Defendants.

In over seven months between the commencement of this action on April 20, 2012 and the Court's Order of Dismissal on December 4, 2012, Plaintiff did nothing to advance this case and failed to appear at two court conferences. After the Order of Dismissal, nearly five additional months passed before Plaintiff filed his motion to vacate. Although Defendants do not make out

5

a strong case of prejudice, Plaintiff's delay, which the Court finds to be substantial, could have an adverse effect on witnesses' recollections and could further the problem of court calendar congestion.

But even if the factors of prejudice and the length of the delay weighed in Plaintiff's favor, the most important factor--the reason for Plaintiff's delay--heavily disfavors him. In his initial moving papers, Plaintiff claimed that he failed to prosecute this case because he was mourning the death of his wife and experiencing financial difficulties during the month of December 2012. (See Pl.'s Notice of Mot. ¶ 2, Docket Entry 18, at 2.) However, as Defendants aptly note, the Court dismissed this case on December 4, 2012 because Plaintiff failed to attend two court conferences in the months prior to Plaintiff's alleged period of mourning. Nevertheless, in his reply papers, Plaintiff also claims that, because he was preoccupied caring for his wife while she was ill, he stopped opening his mail, and presumably, therefore did not claim Judge Lindsay's prior orders warning of a potential dismissal. (See Pl.'s Reply Letter, Docket Entry 20.) Plaintiff's failure to check his mail for many months, at a time when he was a plaintiff in a pending legal proceeding, demonstrates careless indifference to this action. Plaintiff's indifference to checking his mail, a matter which was within his "reasonable control," weighs heavily against him here.

Finally, Plaintiff's claim that he was "in the hospital with pneumonia for some two weeks" at some unspecified period of time, (see Pl.'s Reply Letter), does not explain (1) why he missed the first initial conference, of which he had notice; or (2) why he waited many months to advise the Court of his alleged hardships or inability to advance the case over the course of one year. Accordingly, the Court finds that, despite the leniency generally afforded to pro se litigants, on the facts of this case, there is no basis to conclude that Plaintiff's neglect was excusable. Plaintiff's motion to vacate the Order of Dismissal is therefore DENIED. Having denied the motion to vacate, the Court need not address Plaintiff's motion to transfer venue.

CONCLUSION

For the foregoing reasons, Plaintiff's motion to vacate is DENIED and Plaintiff's motion to transfer venue is DENIED AS MOOT.

Given Plaintiff's pro se status, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore in forma pauperis status is DENIED for purposes of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

7

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  February  24 , 2014
        Central Islip, NY